IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY C. LUTON,

    Plaintiff,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

    Defendant.

No. CIV S-06-0338 DAD

ORDER

This case was referred to the undersigned pursuant to Local Rule 72-302(c)(15). Plaintiff, who is proceeding pro se, commenced this action in February 2006 by filing a pleading titled "Petition for a Writ of Mandate and Qualified Request for Treble." Plaintiff alleges that the Social Security Administration failed to expedite his benefits, improperly denied his claim, and caused him to suffer various damages. Plaintiff seeks an award of "benefits at treble." Defendant has moved to dismiss the case pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for failure to exhaust administrative remedies. Plaintiff has filed a motion for summary judgment.

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Mr. Astrue is substituted as defendant in this suit pursuant to 42 U.S.C. § 405(g) and Fed. R. Civ. P. 25(d)(1).

Federal Rule of Civil Procedure 12(b)(1) allows a party to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of a claim. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. General Tel. & Electronics, 594 F.2d 730, 733 (9th Cir. 1979). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, no presumption of truthfulness attaches to the plaintiff's allegations. Id. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a "speaking motion" is brought, the burden of proof is on the party asserting jurisdiction. Thornhill Publ'g Co., 594 F.2d at 733.

Here, defendant offers the declaration of Dennis V. Ford, Acting Chief of Court Case Preparation and Review Branch 1 of the Office of Appellate Operations, Office of Disability Adjudication Review for the Social Security Administration. The declarant indicates that (1) plaintiff applied for disability insurance benefits under Title II of the Social Security Act on June 4, 2004, (2) the application was denied initially and upon reconsideration, (3) plaintiff filed a request for hearing on February 3, 2005, and (4) plaintiff filed this action on February 17, 2006. Defendant asserts that there is no record that an administrative hearing was held or that a final decision was issued prior to the filing of plaintiff's complaint. Defendant argues that plaintiff did not exhaust his administrative remedies and that the court lacks subject matter jurisdiction over this matter absent a final decision of the Commissioner. Defendant contends that this case must therefore be dismissed.

Section 405(g) of Title 42 provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social

Security may allow." 42 U.S.C. § 405(g) (emphasis added). The condition that there be a "final decision" by the Commissioner consists of two elements. Mathews v. Eldridge, 424 U.S. 319, 328 (1976). One element is that a claim must be presented to the Commissioner, and the other is that all administrative remedies prescribed by the Commissioner must be exhausted. Id. The Code of Federal Regulations lists the administrative remedies prescribed by the Commissioner:

> The administrative review process consists of several steps, which usually must be requested within certain time periods and in the following order:
>
> (1) Initial determination. This is a determination we make about your eligibility or your continuing eligibility for benefits or about any other matter, as discussed in § 416.1402, that gives you a right to further review.
>
> (2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.
>
> (3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.
>
> (4) Appeals Council review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.
>
> (5) Federal court review. When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court.
>
> (6) Expedited appeals process. At some time after your initial determination has been reviewed, if you have no dispute with our findings of fact and our application and interpretation of the controlling laws, but you believe that a part of the law is unconstitutional, you may use the expedited appeals process. This process permits you to go directly to a Federal district court so that the constitutional issue may be resolved.

20 C.F.R. § 416.1400.

The court has examined the pro se plaintiff's complaint, motion for summary judgment, and all other filings for evidence demonstrating exhaustion of administrative remedies. Attached to plaintiff's complaint as an exhibit is a copy of a letter dated January 31, 2006, from

the Office of Hearings and Appeals. (Compl., Ex. 2.) The letter, responding to a telephone inquiry made by plaintiff regarding his request for hearing, indicates that the request was still pending and that, due to a large number of requests, plaintiff should expect a delay of about 19 months from the filing of his request. Plaintiff's request for hearing was filed in February 2005. Thus, plaintiff could not anticipate a hearing until September 2006, with additional time required for the issuance of a written decision and further proceedings before a final decision would be issued. In plaintiff's motion for summary judgment filed May 30, 2006, plaintiff admits that he is awaiting a hearing. (Pl.'s Mot. for Summ. J. at 2.) In a letter filed August 8, 2006, plaintiff asserts that jurisdiction is proper and contends that "[a] hearing at this time before any ALJ would be severely prejudicial, [a]nd inappropriate."[2] (Letter filed Aug. 8, 2006, at 1.)

        On this record, the court finds that plaintiff filed this action prematurely. There is no evidence that the Commissioner has issued a final decision on plaintiff's claim, and plaintiff has not carried his burden of establishing the court's jurisdiction over this action . Defendant's motion to dismiss will be granted, and this action will be dismissed without prejudice to the filing of a new action within the time provided by law after the Commissioner issues a final decision. Plaintiff's motion for summary judgment is also premature and will be denied.

/////

/////

/////

/////

---

[2] In the same letter, plaintiff asserts that "the U.S. Attorney missed deadlines, did not serve me with the Administrative Record, and did not serve a copy of their motion to dismiss." (Letter filed Aug. 8, 2006, at 1.) The court's scheduling order required defendant to "file the administrative record and an answer or other response to the complaint within 90 days from the service of the complaint." (Scheduling Order filed Feb. 27, 2006, at 1.) Defendant's motion to dismiss, which constitutes an "other response" to the complaint, was filed within the 90-day period after the complaint was served on defendant on March 10, 2006. Defendant's certificate of service reflects that the motion was served on plaintiff at his address of record. Generally, it is not necessary to file the administrative record until an answer is filed.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's May 16, 2006 motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is granted;

2. Plaintiff's May 30, 2006 motion for summary judgment is denied as premature; and

3. This action is dismissed without prejudice.

DATED: March 26, 2007.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/luton0338.order